# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00540-CV

**WaiWai, LLC and 1717 Investments, LLC, Appellants**

**v.**

**Jose Alvarado and Isabel M. Alvarado, Appellees**

### FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT
### NO. 12-1086-C368, HONORABLE PHILLIP O. VICK, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

WaiWai, LLC and 1717 Investments, LLC (collectively WaiWai) appeal the trial court's judgment granting declaratory judgment in favor of Jose and Isabel M. Alvarado and awarding the Alvarados attorney's fees and court costs. We will reverse the trial court's grant of summary judgment in favor of the Alvarados, render judgment in favor of WaiWai in part, and remand in part.

## BACKGROUND FACTS AND PROCEDURAL HISTORY

The Alvarados owned residential property in Hutto that was subject to a homeowners association (HOA). The Alvarados failed to pay their HOA assessments, and the HOA sold the property at a foreclosure sale on December 6, 2011. WaiWai purchased the property at the foreclosure sale for $6,500.

At the time of the foreclosure sale, the Alvarados lived in California and had a tenant occupying their property in Hutto. The tenant vacated the premises upon receipt of an eviction notice from WaiWai. The Alvarados received a copy of the notice to vacate, which they contend was the first notice of any kind they received of the foreclosure and the resulting sale to WaiWai.

The Alvarados filed suit seeking a declaratory judgment under chapter 37 of the Texas Civil Practice and Remedies Code on the basis that WaiWai failed to comply with section 209.011(a) of the Texas Property Code and that, as a result, the Alvarados' time for redemption of the property should be extended beyond the 180-day period allowed by statute. After discovery, WaiWai filed a motion for summary judgment asserting that (1) a plain reading of section 209.011 of the Property Code demonstrates that the 180-day period for redemption cannot be extended based on an allegedly deficient notice to vacate and (2) WaiWai's notice to vacate was not deficient. The Alvarados filed a competing motion for summary judgment.

The trial court denied WaiWai's motion for summary judgment, granted the Alvarados' cross-motion for summary judgment, and later signed a final judgment after a trial on attorney's fees. The trial court's judgment allows the Alvarados an additional 90 days from the date of the trial court's judgment to redeem the property, with this extended redemption period tolled during the pendency of any appeal. The trial court also awarded the Alvarados attorney's fees and court costs. This appeal followed. In two issues, WaiWai contends that (1) the trial court erred in extending the 180-day redemption period provided by statute and (2) this Court should remand to the trial court for reconsideration of its award of attorney's fees and court costs to the Alvarados.

## STANDARD OF REVIEW

Summary judgment is proper if the movant establishes that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). We review a trial court's ruling on motions for summary judgment de novo. *Valance Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). When, as in this case, the parties filed competing motions for summary judgment on overlapping issues and the trial court granted one party's motion and denied the other, we consider all of the summary-judgment evidence and issues presented and, if the trial court erred, render the judgment the trial court should have rendered. *Id.*

Our analysis of this case turns on the application of statutory language to the undisputed facts. We review questions of statutory construction de novo. *State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006). When construing a statute, our primary objective is to ascertain and give effect to the legislature's intent. *See First Am. Title Ins. Co. v. Combs*, 258 S.W.3d 627, 631–32 (Tex. 2008). In determining legislative intent, we look "first and foremost" to the statutory text. *Lexington Ins. Co. v. Strayhorn*, 209 S.W.3d 83, 85 (Tex. 2006); *see also General Motors Corp. v. Bray*, 243 S.W.3d 678, 685 (Tex. App.—Austin 2007, no pet.). When statutory text is clear, it is determinative of legislative intent, unless enforcing the plain meaning of the statute's words would produce an absurd result. *Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 437 (Tex. 2009). The words of the statute cannot be examined in isolation, but must be construed based on the context in which they are used. *TGS-NOPEC Geophysical Co. v. Combs*, 340 S.W.3d 432, 441 (Tex. 2011). Only when the statutory text is ambiguous will we resort to rules of construction or extrinsic aids. *Entergy Gulf States*, 282 S.W.3d at 437.

**ANALYSIS**

The overarching issue in this appeal is whether a foreclosure purchaser's alleged failure to follow section 209.011(a)'s requirements when evicting the property's occupant can serve as the basis for an extension of the 180-day redemption period given to property owners under section 209.011(b) of the Property Code. Courts construe redemption statutes liberally in favor of the right of redemption; however, the property owner bears the burden to prove that all requirements of redemption have been met within the 180-day redemption period. *Khyber Holdings, LLC v. HSBC Bank USA, Nat'l Ass'n*, No. 05-12-01212-CV, 2014 WL 1018195, at *3 (Tex. App.—Dallas Mar. 5, 2014, no pet.) (mem. op.).

Chapter 209 of the Property Code, entitled the "Property Owners Protection Act," defines a property owner's rights when an HOA seeks to foreclose on residential property. Section 209.010 outlines the steps an HOA must take after the foreclosure sale. After it forecloses on property, the HOA must send the owner written notice by certified mail of the foreclosure sale within 30 days after the sale, informing the owner of the sale and the owner's right to redeem the property under section 209.011. Tex. Prop. Code § 209.010(a), (b).[1] The HOA must then record an affidavit in the real property records of the county where the property is located, verifying how and when the notice was sent, as well as a legal description of the property. *Id.* § 209.010(c). Any person is entitled to rely conclusively on the information recorded in the affidavit, including the fact that notice was sent as stated. *Id.*

---

[1] It is notable that section 209.010 does not require any form of notice to the owner by the purchaser of the property at the foreclosure sale.

The notice provisions of section 209.010 trigger the owner's redemption rights under section 209.011(b). Specifically, an "owner of property . . . may redeem the property from any purchaser at a sale foreclosing a property owners' association's assessment lien not later than the 180th day after the date the association mails written notice of the sale to the owner under Section 209.010." *Id.* § 209.011(b). The foreclosure purchaser may not transfer ownership of the property during the redemption period. *Id.* § 209.011(c). The remainder of section 209.011—with the exception of subsection (a)—spells out the steps the owner must take to redeem the property should the owner invoke the right of redemption.

It is undisputed that the 180-day deadline for the Alvarados to redeem the property under section 209.011(b) was August 25, 2012. It is also undisputed that the Alvarados did not redeem the property before the August 25 deadline.

In the face of this missed deadline, the Alvarados argued in the trial court that their redemption deadline should be extended on the basis of WaiWai's alleged failure to follow the dictates of section 209.011(a) of the Property Code. Section 209.011(a) provides that a person who purchases occupied property at a foreclosure sale resulting from failure to pay an HOA lien "must commence and prosecute a forcible entry and detainer action under Chapter 24 to recover possession of the property." It is undisputed that at the time of WaiWai's purchase of the property at the foreclosure sale, the residence was occupied by the Alvarados' tenant. It is also undisputed that when WaiWai sent the tenant a notice to vacate, the tenant promptly vacated the premises. Therefore, WaiWai did not file a formal eviction action.

The Alvarados argue that WaiWai, nevertheless, had a duty to "commence and prosecute" an eviction action even though the property was no longer occupied. The Alvarados

5

contend that section 209.011(a) was put in place by the legislature to provide one last chance for a property owner to receive notice and invoke its right to redeem the property. They support this view by citing the legislative history surrounding the original enactment of section 209.011. Given their view of the statute's legislative history, the Alvarados reason that because WaiWai failed to commence and prosecute a forcible entry and detainer action against their tenant, the Alvarados did not receive the amount of notice to which they were otherwise entitled. WaiWai, on the other hand, argues that requiring it to file an eviction action for an unoccupied property would lead to an absurd result that the legislature could not have contemplated and, furthermore, there is no requirement that the purchaser of property, like WaiWai, provide the former owner notice under section 209.011(a).

Here, neither party contends that the language of section 209.011 is ambiguous. And, indeed, there is no ambiguity in the text of subsections (a) and (b). As a result, we need not look beyond the plain language of the statute in determining the legislature's intent. To the extent the Alvarados ask us to look to bill analyses and other indicia of legislative intent beyond the statute's language, we decline to do so because these extraneous sources cannot justify departure from the text of the statute itself. *See Entergy Gulf States*, 282 S.W.3d at 437.

There are only two provisions within section 209.011 that directly address the time period in which a property owner must invoke its right to redeem property sold at foreclosure—subsections (b) and (m). We have discussed subsection (b), which provides a 180-day window in which a property owner may redeem the property after an HOA sends notice of sale to the owner. Tex. Prop. Code § 209.011(b). Subsection (m) provides the only statutory grounds for an extension of the redemption period; the redemption period is extended if the owner mails notice

6

by certified mail before the last day of the 180-day window of its wish to redeem the property. *Id.* § 209.011(m). In that situation, the redemption period runs an additional 10 days from the date the HOA or foreclosure purchaser provides the owner with notice of the amounts that must be paid to redeem the property. *Id.* The parties agree that subsection (m) does not apply in this appeal. The existence of subsection (m), however, demonstrates that the legislature knew how to extend the redemption period if it so desired, yet did not do so elsewhere in the statute. *See Stockton v. Offenbach*, 336 S.W.3d 610, 615–16 (Tex. 2011) (noting that statutory provision which extends filing deadline for specific purpose evidences legislative intent to limit trial court's authority to otherwise extend deadline).

The Alvarados, nevertheless, contend that because WaiWai allegedly failed to follow the requirements of section 209.011(a) with regard to evicting the Alvardos' tenant, the Alvarados' redemption period should be extended. We disagree. Section 209.011(a) does not provide for any sort of notice from the foreclosure purchaser to the original owner and makes no provision for an extension of the redemption period. There is no requirement under section 209.011(a) that the foreclosure purchaser institute an eviction action before the redemption period expires. And, in fact, that is what happened here; WaiWai did not send the Alvarados' tenant a notice to vacate the property until after the 180-day redemption period had lapsed. Section 209.011(a) contains no requirement that the property owner receive notice of an eviction during the 180-day redemption period. Given this legislative omission, it is difficult to envision how the legislature could have intended for the purpose of this provision to be that owners receive notice and one last opportunity for redemption of the property, as the Alvarados suggest. If anything, section 209.011(a) appears

to be the legislature's effort to make clear to foreclosure purchasers that possession of the property is not self-executing and must be accomplished through normal eviction procedures. Therefore, we see no statutory support for an extension of the 180-day redemption period provided in subsection (b) based on an alleged failure to comply with subsection (a).

In short, whether WaiWai was under a mandatory duty to "commence and prosecute" a forcible detainer action and what those words mean in the context of section 209.011(a) is ultimately of no import in this case.[2] There was no basis for the trial court to conclude that if WaiWai failed to comply with section 209.011(a), then the Alvarados were entitled to additional time to redeem the property. The two concepts simply have no logical correlation. Instead, the Alvarados are left with the fact that they had 180 days to redeem the property after the HOA sent them notice of the sale, and they did not do so.[3] There is no provision in the statute for extending this 180-day period, with the exception of subsection (m), which does not apply here.

The trial court, therefore, erred in extending the Alvarados' time for redemption in a manner not authorized by the statute.[4] We sustain WaiWai's first issue on appeal, reverse the trial

---

[2] We express no opinion on whether WaiWai was required to file a formal eviction action after the tenant vacated the property, as the Alvarados suggest, because the resolution of this issue is not necessary to the disposition of this appeal. *See* Tex. R. App. P. 47.1 (requiring courts of appeals to hand down opinion that is as brief as practicable while addressing every issue necessary for final disposition).

[3] The Alvarados contend they never received notice of the foreclosure sale from the HOA. However, whether the HOA properly sent notice to the Alvarados is not at issue in this appeal.

[4] The Alvarados also assert that the 180-day deadline should be extended based on general principles of equity. The Alvarados did not include this argument in their motion for summary judgment and, therefore, it cannot be a basis for affirming the trial court's grant of summary judgment in their favor. *See G & H Towing Co. v. Magee*, 347 S.W.3d 293, 297 (Tex. 2011) (noting that generally, trial court reversibly errs if it grants summary judgment on basis not alleged in

8

court's grant of summary judgment in favor of the Alvarados, and render partial summary judgment in favor of WaiWai.

In its second appellate issue, WaiWai contends that since the Alvarados were not entitled to judgment against them, the case should be remanded so that the trial court can reconsider its award of attorney's fees and costs to the Alvarados under the Declaratory Judgments Act, Tex. Civ. Prac. & Rem. Code § 37.009. We agree. Section 37.009 provides: "In any proceeding under this chapter, the court may award costs and reasonable and necessary attorney's fees as are equitable and just." *Id.* Thus, the trial court may award either side attorney's fees at the conclusion of an action seeking declaratory relief.

When a declaratory judgment is reversed on appeal, however, the trial court's original award of attorney's fees and costs may no longer be equitable and just. *See Harbor Ventures, Inc. v. Dalton*, No. 03-10-00690-CV, 2012 WL 1810205, at *13 (Tex. App.—Austin May 18, 2012, pet. denied) (mem. op.); *Sava Gumarska In Kemijska Industria D.D. v. Advanced Polymer Scis., Inc.*, 128 S.W.3d 304, 324 (Tex. App.—Dallas 2004, no pet.). Although we are not required to do so, when we reverse a declaratory judgment that includes an award of attorney's fees and costs, we may remand to the trial court to reconsider its award of attorney's fees and costs. *Harbor Ventures*, 2012 WL 1810205, at *13. We reverse the trial court's award of attorney's fees and court costs to the Alvarados. We remand the issue of whether to award attorney's fees and court costs, to whom

---

summary-judgment motion). In any event, there is no statutory basis for extending the 180-day deadline based on equity and, therefore, the statutory deadline would control. *See Herrera v. Seton Nw. Hosp.*, 212 S.W.3d 452, 460 (Tex. App.—Austin 2006, no pet.) (noting that statutory deadline for filing expert report did not provide for equitable extension based on party's good-faith attempt to timely serve report).

such fees may be awarded, and the reasonable and necessary amount of any such attorney's fees, if awarded at all, to the trial court for further proceedings. *See Barshop v. Medina Cnty. Underground Water Conservation Dist.*, 925 S.W.2d 618, 637 (Tex. 1996).

## CONCLUSION

We reverse the trial court's judgment and render judgment in favor of WaiWai on the Alvardos' claims, with the exception of the trial court's award of attorney's fees, which we remand to the trial court for reconsideration.

_____

Scott K. Field, Justice

Before Chief Justice Jones, Justices Pemberton and Field

Reversed and Rendered in Part; Reversed and Remanded in Part

Filed:   November 26, 2014

10